UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA

IN RE: : CHAPTER 11

KATHLEEN D. EMMONS

                      Debtor : BANKRUPTCY NO. 17-14602

KATHLEEN D. EMMONS
AND GREG B. EMMONS,
Movant

BAYVIEW LOAN SERVICING, LLC,
Respondent/Creditor

## HEARING MEMORANDUM

### A. Motion History

1. The Movant filed a Motion for Sanctions against the Respondent/Creditor on December 27, 2017 and requested an expedited hearing due to a payment date requirement of December 31, 2017 extended through January 31, 2018 prior to default. (Attached hereto and incorporated herein as Exhibit "A" being identified herein as the "Motion".)

2. The Motion was based upon the Bad Faith of the Respondent/Creditor in reviewing, approving and setting forth terms under a **mortgage modification** offered by letter dated November 28, 2017 (The letter is attached to Exhibit "A" and is identified herein at times as the "Approval".)

3. At time of the initial Creditors Meeting, the approval of the pending mortgage modification application on the debt owed to the Respondent/Creditor became "a critical issue for the success of the proposed Plan.

4. The Approval letter offered a three (3) month trial period at monthly amount, (which Movant accepted subject to judicial determination), however provided no terms and conditions of the modification that was being offered

5. The mortgage is on the Movant's personal place of residence and has a first mortgage lien held by the Respondent/Creditor at an interest rate of 6.625%.

6. The Motion sets forth the jurisdiction of the Court, the issues presented and the requested relief in the Motion. The mortgage at issue is under federal and state regulation.

7. The Court granted the request for an expedited hearing by Order dated December 28, 2017 and a telephonic hearing was held on December 29, 2017.

8. At time of the hearing, the Court and legal counsel for the parties, in agreement, were further directed to file Post Hearing Memorandum on before January 16, 2018 by the Movant, and January 22, 2018 by the Respondent with a Hearing date to be scheduled on or before January 31, 2018.

9. The Court also requested that the Movant provide supporting documentation for the facts to be presented for review and judicial determination.

10. This Hearing Memorandum is being filed by the Movant as directed by the Court and includes supporting documentation attached and incorporated herein as Exhibits "B" and "C".

### B. Facts

1. The Chapter 13 bankruptcy was filed on July 6, 2017 followed by the filing of all required Schedules, payments of all fees and costs and a proposed Plan to allow the Movant to recover from financial hardship and retain ownership and occupancy of Movant's place of residence. (The Plan is attached to Exhibit "A".)

2. The Plan including home retention provides for payment to all creditors with the Respondent/Creditor and one other creditor, PNC Bank, N.A., having a second line of credit mortgage also being paid "outside of the plan" along with tax and other statutory obligations.

3. As stated under Motion History, at time of the initial Creditors Meeting, the approval of an affordable home retention mortgage modification was identified as the critical issue to the approval and success of the proposed Plan.

4. The mortgage held by the Respondent/Creditor is on the Movant's personal place of residence with a value in excess of all debts under and outside of the Plan. (see valuation report provided by Respondent/Creditor by letter dated October 19, 2017 providing a valuation of $826,065.00 under a at an interest rate of 6.625%. included as an exhibit to Exhibit "A".)

5. The success of the Plan depends upon the terms and conditions of the mortgage modification with Respondent/Creditor with the established debt balance, interest rate and monthly payment amounts being at issue.

6. The Movant has requested from the Respondent/Creditor a mortgage modification since February of 2011 and were granted an offer of mortgage modification by the Respondent/Creditor by Letter date November 28 ,2017, being the Approval. (Attached to the Motion for Sanctions as Exhibit "A".)

7. The Approval letter offered a three (3) month trial period at monthly amount, (which Movant accepted subject to judicial determination), however provided no terms and conditions of the modification that was being offered

8. The history of mortgage relief requests involve two time periods relevant to this Court in reviewing the facts and issues for determination under the legal claim of Bad Faith. Those are:

   a. FACTS FOR REVIEW-The 2016 and 2017 application and review period for determination of the modification terms for the ongoing interest rate to be adjusted downward from the excessive rate of 6.625%.

      ISSUE FOR DETERMINATION-Is the Respondent/Creditor required to treat the 2017 Approval under the Movant's 2016

       HAMP application that was denied in error, disputed and reconsideration requests timely made?

   b. FACTS FOR REVIEW-The 2011 through 2017 application and review period for determination of the accumulated interest to be added to the modified mortgage balance.

       ISSUE FOR DETERMINATION-Should the accumulated interest on the Movant's mortgage be adjusted to the lower rate of interest under HAMP and not the excessive rate of 6.625%.

9. The Creditor has a mortgage foreclosure judgment against the Movants at Bucks County Court of Common Pleas, # 2012-07410 as of March 16, 2017, which judgment and pending Sheriff Sale of the Movant's personal residence is under appeal with the Superior Court of Pennsylvania, # 1279 EDA 2017, with procedures pending the mortgage modification approval. A mortgage modification approval acceptable to the Movants would "moot" the appeal and stay further proceedings subject to payments under the "Mortgage Modification Terms".

10. The Mortgage Modification Terms are offered by the Creditor after an extensive review of the application, all supporting documentation and underwriter evaluation as a program provided by the Creditor under the Federal Affordable Housing laws and regulations enacted to allow hardship property owners to preserve their primary place of residence.

11. The Creditor had previously denied the Movant mortgage modification relief in December of 2016 based upon their error in rejecting the mortgage modification application for reason that the Movant elected to transition out of the residence which basis was contrary to the Movant's application clearly stated the desire to remain in the residence. (Attached hereto and incorporated herein as Exhibit "C" to the Motion for Sanctions being Exhibit "A" is a true and correct copy of the November 2016 Mortgage Modification Application stating intention to retain ownership and Denial letter based on the Movant not wanting to retain ownership.)

12. The current modification filed in 2017 has been determined as not being qualified for relief under HAMP which expired the end of 2016, whereas such determination is in Bad Faith due to the mortgage modification history of the Respondent/Creditor in reviewing the Movant's numerous applications and continued efforts providing timely all documents requested.

C. Relief Requested

1. The Borrowers desire a mortgage modification be approved with the interest rate set at the HAMP offered interest rate under the Home Affordable program in effect at time of their first loan modification approval in 2013 which was 2.0 % per annum.

2. The Borrowers request, also due to the Bad Faith of the Lender(s), as established by this history of delays, repeated document requests, incorrect document requirements and numerous lender representatives that the interest balance due be adjusted to calculate the accrued interest at 2.0%, rather than at the excessive rate of 6.625%.

D. Legal Basis

The Borrowers will submit a legal argument memorandum prior or at time of the Hearing on their Motion for Sanctions.

Respectfully submitted,

Greg B. Emmons, Esq.
Attorney for Movant